UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER FRY,

    Plaintiff,

v.                                                    Case No. 1:06-cv-570
                                                    HON. JANET T. NEFF

CORRECTIONAL MEDICAL
SERVICES INC., et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Roger Fry filed this prisoner 42 U.S.C. § 1983 *pro se* action against Correctional Medical Services, Inc. (CMS), Medical Services Advisory Committee (MSAC), George J. Pramstaller, D.O., and James Forshee, M.D. Defendants CMS and MSAC are being sued in their official and individual capacities and Defendants Pramstaller and Forshee are being sued in their individual capacities. Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs, as prohibited by the Eighth Amendment, which resulted in the worsening of his medical condition. Plaintiff is demanding $250,000 in compensatory damages and $250,000 of punitive damages from each defendant. Summons and complaint have not been served upon Defendant MSAC.

Plaintiff alleges a long history of chronic pain due to an enlarged testis and lump in his scrotum. Plaintiff first complained of blood in his semen and severe pain in his genital area on December 26, 2003. From that time, Plaintiff received medical care on multiple occasions by several different doctors to address the problem. Plaintiff claims that on one occasion Dr. Thangaman at the

Ionia County Memorial Hospital recommended surgery to correct this problem.  Furthermore, Dr. Migliorino of the Ionia Maximum Correctional Facility "repeatedly" recommended surgery to correct the swelling surrounding the testis and alleviate pain due to bilateral hydrocele and varicocele. Plaintiff presents evidence showing that Dr. Migliorino did request surgical repair on one occasion, September 8, 2004.  However, this request was denied by CMS on September 23, 2004 and Dr. Migliorino stated that he agreed with the decision and would not appeal.

Plaintiff alleges that Defendants Pramstaller, Forshee and MSAC have knowingly and willingly refused to approve the recommended surgery on numerous occasions, which has caused his physical condition to worsen.  Plaintiff avers that Defendants have acted with deliberate indifference by denying surgical treatment therefore causing him unnecessary and "wanton" pain in violation of his Eighth Amendment rights.

Defendant Pramstaller is the Chief Medical Officer for the Bureau of Health Care Services in the Michigan Department of Corrections and chairs the MSAC.  Defendant Pramstaller states that the MSAC reviewed Plaintiff's medical case on March 22, 2005, at which time they upheld a decision denying a urology screening.  At that time, the committee recommended that the onsite medical service provider resubmit the claim if there was rapid growth or significant enlargement of the scrotum.  Defendant Pramstaller states that a review of an ultrasound revealed bilateral hydroceles and left-sided varicoceles, but no evidence of testicular mass lesions or evidence of testicular torsion.  Defendant Pramstaller claims hydroceles and varicoceles are "typically not dangerous and usually require no treatment.  Any serious causes or complications such as testicular cancer, infection or inguinal hernia which may be associated with this diagnosis were ruled out with the ultrasound."  Defendant Pramstaller avers that Plaintiff was treated with Motrin and Tylenol,

along with an athletic supporter to relieve pain and pressure. Defendant Pramstaller does not feel that Plaintiff's condition warrants surgery at this time.

Defendants CMS and Forshee in their Brief Supporting Summary Judgment present a detailed account, with supporting medical documentation, of Plaintiff's medical evaluation and treatment for his complaint of groin pain. Defendants CMS's and Forshee's brief and the attached exhibits show that Plaintiff was seen by a doctor no less than six times between March 31, 2004, and August 28, 2006. On several of these occasions, the consulting physicians noted "somatization" and "no substantiation of claims" as to Plaintiff's alleged problem. On other occasions, Plaintiff was simply sent away with prescriptions for Ibuprofen or Tylenol and sometimes antibiotics. Defendants CMS and Forshee also provide medical documentation showing that Plaintiff had lab work or x-rays done on no less than nine occasions between June 4, 2004, and September 29, 2005. All but one of these tests came back stating, "no clinically significant abnormality exists, therefore, no change in treatment plan is necessary."

Defendants assert that Plaintiff was evaluated and treated for his complaints of pain on numerous occasions and that Plaintiff's disagreement with the course of treatment does not rise to the level of deliberate indifference on the part of the Defendants.

Presently before the Court are Defendants' Motions for Summary Judgment, pursuant to Fed. R. Civ. P. 56. Plaintiff has filed a response and the matter is ready for decision. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must

demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

       The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under

> the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer*, 62 F.3d at 154-55; *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the mis-diagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976); *see also*, *Brock v. Crall*, No. 00-5914, 2001 WL 468169, at *2 (6th Cir. Apr. 27, 2001); *Jones v. Martin*, No. 00-1522, 2001 WL 223859, at *1 (6th Cir. Feb. 28, 2001); *Williams v. Mattson*, No. 99-1796, 2000 WL 924145, at *1 (6th Cir. June 28, 2000); *Davis v. Ulep*, No. 97-2124, 1999 WL 98390, at *1 (6th Cir. Jan. 29, 1999); *Cain v. Huff*, No. 96-1613, 1997 WL 377029, at *4 (6th Cir. July 2, 1997); *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

Plaintiff is claiming that he did not receive adequate medical care to treat his chronic pain. Plaintiff has not, however, contradicted the fact that he was evaluated and treated on numerous occasions by multiple doctors who all agreed that nothing more than a pain reliever and athletic support was necessary to address the problem. Furthermore, Plaintiff has not presented any evidence that the denial of the surgical procedure created a substantial risk of serious harm. Therefore, the undersigned concludes that Defendants' conduct does not rise to the level of deliberate indifference.

Additionally, in the opinion of the undersigned, Defendant Pramstaller is entitled to the qualified immunity defense. Plaintiff has failed to show that there is a genuine issue of material fact that defendants acted with deliberate indifference towards his medical claim. No federal right was denied to plaintiff through defendants' conduct. Plaintiff's failure to sustain a cause of action necessitates a finding that no clearly established law was violated by defendants in this matter. *Siegert v. Gilley*, 500 U.S. 226, 232 (1991); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997).

In summary, it is the opinion of the undersigned that Plaintiff has failed to sustain his burden of proof in response to Defendants' motions for summary judgment. Accordingly, it is recommended that Defendants' motions for summary judgment (Docket #29 and #50) be granted and this case be dismissed in its entirety.

Further, if the court adopts this recommendation the court should decide that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court grants defendants' motion for summary judgment, the court can discern no good-faith basis for an appeal. It is recommended that should the plaintiff appeal this decision, the court assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is

barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he should be required to pay the $455 appellate filing fee in one lump sum.

        NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

        /s/ Timothy P. Greeley  
        TIMOTHY P. GREELEY  
        UNITED STATES MAGISTRATE JUDGE

Dated:   February 11, 2008